YOMNICK ET, PLAINTIFFS-APPELLEES, *v.* LEECE-NEVILLE COMPANY, DEFENDANT-APPELLANT AND BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, STATE OF OHIO, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26054. Decided March 14, 1963.

*Messrs. Roemisch & Wright,* for plaintiffs-appellees.
*Messrs. Pennell, Carlson & Rees,* for defendant-appellant: (The Leece-Neville Company).

(HUNSICKER, P. J., DOYLE, J., of the Ninth District, DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

DONAHUE, J. This is an appeal from the judgment of the Court of Common Pleas to the effect that a decision of the Board of Review, Bureau of Unemployment Compensation, was "unlawful, unreasonable and against the manifest weight of the evidence."

The function of this court, in review of the Common Pleas Court judgment, is, not to substitute its judgment for that of the Common Pleas Court, but to determine if the Common Pleas Court was in error in its judgment.

Two errors in the judgment are assigned:

(1) It is contrary to law; and (2) It is against the weight of the evidence.

The facts behind this controversy are briefly as follows: Plaintiffs-appellees, employees of long standing, were fired in

accord with a request by the union, provided for by the union contracts, for failure to pay dues. This request followed a dispute between the union and these employees of several years duration as to the payment of the disputed dues. The employees, acting on advice from the regional office of the N. L. R. B., refused a dues checkoff and paid the dues directly. There appears to be a question of a dollar difference of opinion as to the amount of the dues. The union apparently returned the dues tendered, claiming the amount was insufficient. This dispute appears on its way through channels provided for such disputes. There also appears a question as to whether or not dues were given to anyone with authority to accept and transmit them. The character of the dispute or its justification is immaterial, we think. The fact that a dispute existed is material. Had there been no dispute and had the employees simply refused to pay dues, the subsequent events would not have left any question for the Common Pleas Court or this court to determine.

The question which the Board of Review had to determine and which the Common Pleas Court later had to review, was whether or not the firings were for just cause as set forth in the Unemployment Compensation Statutes, thus eliminating any claim for unemployment compensation. The Board of Review determined that the company fired for just cause upon the simple assertion by the union that these employees were delinquent in their dues and therefore should be fired.

The Common Pleas Court found that the employer was not justified in accepting the union's bald statement, that some inquiry should have been made, and that, in the absence of any such inquiry, the firings were not for just cause or that the manifest weight of the evidence did not show them to be so.

The Common Pleas Court's duties in this appeal are defined by Section 4141.28 (N), Revised Code. The court, in its judgment, followed the statute, as it applied it to the evidence before it.

It should be noted here, that a court speaks through its journal entry, not through any opinion that may be written to explain the court's reasoning. The court's reasoning may be completely wrong. That will not affect its judgment, if the judgment itself is in conformity to law.

A careful review of the evidence in this case does not convince this court that the Common Pleas Court's judgment is "contrary to law," or "against the weight of the evidence," as claimed by the appellant.

Therefore, the judgment of the Court of Common Pleas must be and hereby is affirmed.

HUNSICKER, P. J., DOYLE, J., concur.